# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| NATHAN THOMAS, Personal Representative of the Estate of Kenneth G. Thomas, Deceased, and NATHAN THOMAS, Personal Representative of the Estate of Barbara L. Thomas, Deceased,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALLSTATE LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 5:23-cv-00057 |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Everlake Life Insurance Company ("Defendant"), f/k/a Allstate Life Insurance Company,[1] by and through its undersigned counsel, and, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of removal of this action from the Circuit Court for the County of Rockingham, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division. In support thereof, Defendant respectfully shows unto the Court as follows:

## INTRODUCTION

1. On August 7, 2023, Plaintiff Nathan Thomas as the personal representative of the Estates of Kenneth G. Thomas, Deceased, and Barbara L. Thomas, Deceased, ("Plaintiff")

---

[1] On November 1, 2021, Allstate Life Insurance Company was sold and renamed Everlake Life Insurance Company.

commenced this action by filing a Complaint against Defendant in the Circuit Court for the County of Rockingham, Virginia, Case No. CL23002237-00. *See* Complaint, attached hereto with the state court file as **Exhibit A**. The Circuit Court for the County of Rockingham, Virginia is a state court within this judicial district and division.

2. Defendant EverLake was served with a copy of the Complaint by process server on August 16, 2023.

3. Plaintiff alleges claims against Defendant for various breaches of contract. *See* Ex. A.

4. Based on the allegations in the Complaint, Plaintiff seeks, among other things, $67,928.69 in damages on behalf of the estate of Kenneth G. Thomas and an additional $91,776.76 in damages on behalf of the estate of Barbara L. Thomas for a total of $159,705.45 in damages. *See generally* Ex. A, Compl., pp. 13-14.

## DIVERSITY JURISDICTION

5. This Court has jurisdiction over all of Plaintiff's Claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

**A.    The Parties are Diverse.**

6. Complete diversity exists between Plaintiff and Defendant.

7. The Plaintiff Personal Representative is a resident of the State of Virginia. *See* Ex. A; *see also* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").

8. EverLake Life Insurance Company is a citizen of Illinois. Records maintained by the Virginia State Corporation Commission confirm that Everlake is a corporation organized and

existing under the laws of the State of Illinois, also maintaining its principal place of business in the State of Illinois. *See* State Corporation Commission, Clerk's Information System, "Everlake Life Insurance Company," attached hereto as **Exhibit B**.

9. The Complaint alleges that "Defendant Allstate Life Insurance Company is an insurance company based in Northbrook, Illinois, authorized to do business and doing business in Virginia . . ." (Compl. ¶ 5.)

10. At all times relevant hereto, the Defendant (previously known as Allstate, now known as Everlake) has been a citizen of Illinois.

**B.     The Amount in Controversy Exceeds $75,000.**

11. Removal is also proper because the amount in controversy exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs.

12. Plaintiff's complaint seeks damages in excess of $150,000. Specifically, Plaintiff seeks, among other things, $67,928.69 in damages on behalf of the estate of Kenneth G. Thomas and an additional $91,776.76 in damages on behalf of the estate of Barbara L. Thomas for a total of $159,705.45 in damages. *See* Ex. A, pp. 13-14.

13. Based on the foregoing, the amount in controversy requirement of 28 U.S.C. § 1332 is clearly satisfied.

## ADOPTION AND RESERVATION OF DEFENSES

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims

and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Virginia law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Defendant also expressly reserves the right to demand arbitration pursuant to any contractual agreements governing Plaintiff's claims and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

## PROCEDURAL REQUIREMENTS

15. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

16. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Defendant to date in this case.

17. The Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

18. Each defendant must remove litigation to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

19. Defendant was served with a copy of the Complaint by process server on August 16, 2023. Because Defendant is filing this Notice of Removal within 30 days from the date on which Defendant was served, the Notice of Removal is timely.

20. The United States District Court for the Western District of Virginia, Harrisonburg Division is the District and Division embracing the place where this action is pending in state court.

21. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Defendant has filed a copy of the same, along with a Notice of Filing Notice of

Removal with the clerk of the Circuit Court for the County of Rockingham, Virginia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

WHEREFORE, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for the County of Rockingham, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division.

Respectfully submitted this 5th day of September 2023.

        */s/ Rachel R. Friedman*_____
        Rachel R. Friedman, VSB #93898
        *Attorney for Defendant*
        EVERLAKE LIFE INSURANCE COMPANY

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedman@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following by United States mail, postage prepaid, on this the 5th day of September, 2023:

Marc A. Peritz
Elizabeth C. Southall
FLORA PETTIT PC
530 East Main Street
PO Box 2057
Charlottesville, Virginia 22902

*Counsel for Plaintiffs*

/s/ Rachel R. Friedman
OF COUNSEL